**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RICHARD W. MCLAUGHLIN,

    Plaintiff,

vs.                                                    Case No. 3:13-cv-987-J-34MCR

PATRICK R. DONAHOE, Postmaster
General U.S. Postal Service,

    Defendant.
_____

## O R D E R

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. No. 11; Report) of the Honorable Monte C. Richardson, United States Magistrate Judge, entered on November 7, 2013. On August 16, 2013, the Court took under advisement Plaintiff's original motion to proceed in forma pauperis (Doc. No. 2) and directed Plaintiff to file an amended affidavit of indigency and an amended complaint (Doc. No. 3; August 16, 2013 Order). Plaintiff failed to comply with the Court's August 16, 2013 Order, and Magistrate Judge Richardson issued an Order to Show Cause (Doc. No. 5) directing Plaintiff to file the amended documents no later than September 23, 2013. On September 20, 2013, Plaintiff filed an amended Affidavit of Indigency (Doc. No. 7). However, Plaintiff failed to file a timely amended complaint. The Court reviewed the Affidavit of Indigency, determined it revealed Plaintiff was indigent, and once again directed Plaintiff to file an amended complaint no later than October 9, 2013 (Doc. No. 8). On October 9, 2013, Plaintiff filed his Amended Complaint (Doc. No. 9; Amended Complaint). However, in his Amended Complaint, Plaintiff

failed to attach the Notice of Right to Sue letter as instructed in the Court's August 16, 2013 Order. See August 16, 2013 Order at 4. Plaintiff's Amended Complaint also failed to set forth sufficient factual allegations to support his claim for racial discrimination. As such, Magistrate Judge Richardson entered an order on October 15, 2013, directing Plaintiff to file a second amended complaint no later than October 31, 2013 (Doc. No. 10; October 15, 2013 Order). When Plaintiff failed to timely file a second amended complaint, Magistrate Judge Richardson entered the Report, recommending that the Court dismiss this case without prejudice for failure to prosecute. See Report at 1.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

Although Plaintiff has failed to comply with the Court's October 15, 2013 Order, and has failed to timely object to the Court's Report, the Court will give Plaintiff one final opportunity to show cause why this action should not be dismissed. Accordingly, Plaintiff will be ordered to show cause why the Court should not adopt the Recommendation of the Magistrate Judge and dismiss this case without prejudice for failure to prosecute.

In light of the foregoing, it is **ORDERED:**

Plaintiff is directed to show cause by a written response filed on or before **February 10, 2014**, why the Court should not adopt the Recommendation of the Magistrate Judge and dismiss this case without prejudice for failure to prosecute pursuant to Local Rule 3.10(a), United States District Court, Middle District of Florida.  Plaintiff is cautioned that failure to respond to a Court Order may result in dismissal of this action without further notice.

**DONE** and **ORDERED** in Jacksonville, Florida, this 9th day of January, 2014.

**MARCIA MORALES HOWARD**
United States District Judge

lc18

Copies to:

Pro se party

Counsel of Record